**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ZACK SAYAS, | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Cause Number 1:21-cv-61 |
| | § | Cause Number 1:16-cr-956 |
| UNITED STATES OF AMERICA, | § | |
| *Respondent*. | § | |

**<u>MAGISTRATE JUDGE'S</u>**
**<u>REPORT AND RECOMMENDATION</u>**

The Court is in receipt of Petitioner Zack Sayas's first amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("§ 2255 Motion") (Dkt. No. 13), Sayas's "Memorandum of Law in Support of Movant's 28 U.S.C. § 2255" ("Memorandum") (Dkt. No. 14), and Respondent "United States' Motion for Summary Judgment" ("Motion for Summary Judgment") (Dkt. No. 30).  For the reasons stated below, it is recommended that the Court: (1) **GRANT** the Respondent's Motion for Summary Judgment; (2) **DISMISS** all of the claims contained in Sayas's § 2255 Motion and supporting supplements; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to close this case.

## I.      Jurisdiction

This Court has jurisdiction over Sayas's § 2255 Motion pursuant to 28 U.S.C. §§ 1331 and 2255.

## II.      Background and Procedural History

On October 24, 2017, in the U.S. District Court for the Southern District of Texas, a jury found Zack Sayas guilty of: (1) conspiracy to possess with intent to distribute a

quantity more than 50 grams of methamphetamine;[1] (2) possession with intent to distribute a quantity exceeding fifty (50) grams, that is, approximately 11.94 kilograms of methamphetamine;[2] (3) conspiracy to import a controlled substance into the United States;[3] and (4) importing a controlled substance, that is, approximately 11.94 kilograms of methamphetamine.[4] *See United States of America v. Zack Sayas*, No. 1:16-CR-956, Dkt. Nos. 52 at 1-2, 96 at 220-21 (S.D. Tex. terminated Aug. 30, 2018).[5]  On August 30, 2018, as to each count, United States District Judge Rolando Olvera sentenced Sayas to 144 months of imprisonment, a 5-year supervised release term, and imposed a special assessment of $400.00.  CR Dkt. No. 79 at 3, 4, and 6.[6]  Alfredo Padilla represented Sayas at trial.  CR Dkt. No. 96 at 1.

Sayas appealed his conviction to the U.S. Court of Appeals for the Fifth Circuit, where he argued that the district court erred by misstating the law in the jury instruction regarding the public authority defense.  *USA v. Sayas*, 802 Fed. Appx. 155, 156 (5th Cir. 2020).  The Fifth Circuit found that "even if it is assumed that this omission constituted clear or obvious error in this case, Sayas has not met his burden of showing that the error affected his substantial rights[.]"  *Id.*  Accordingly, the Fifth Circuit affirmed the conviction on April 21, 2020.  *Id.*

On April 16, 2021, Sayas filed his instant timely § 2255 Motion.[7]  Dkt. No. 13.  First, he claims that he received ineffective assistance of counsel from his trial counsel, David

---

[1] In violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

[2] In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2.

[3] In violation of 21 U.S.C. §§ 963, 952(a), and 960(b)(1).

[4] In violation of 21 U.S.C. §§ 952(a), and 960(b)(1), and 18 U.S.C. § 2.

[5] Hereinafter, Sayas's criminal case docket entries ("CR Dkt. Nos.") will be referred to only by their docket entry numbers.

[6] The sentences imposed were ordered to be served concurrently. *Id.* at 3.

[7] Sayas indicates that he gave his § 2255 Motion to prison authorities for mailing on April 16, 2021.  Dkt. No. 1 at 13.  The Court will consider his Motion filed on that date.  *See generally Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that, for statute of limitations purposes, a pro se prisoner's application is

Patrick Willis, III and Alfredo Padilla,[8] alleging they failed to present Sayas with a specific plea agreement offered by the Government.  Dkt. No. 13 at 4.  Second, he claims that Padilla rendered ineffective assistance of counsel by failing to investigate Sayas's purported confidential informant status at the time of the offenses (public authority defense).  Dkt. No. 13 at 5.

On July 21, 2021, the Court directed Willis and Padilla to file affidavits addressing Sayas's claims and ordered the Clerk of Court to send the affidavits to Sayas upon their filing.  Dkt. No. 15.  Willis filed a signed, sworn affidavit along with accompanying exhibits on August 13, 2021; Padilla filed his signed, sworn affidavit on September 6, 2021.  Dkt. Nos. 22, 25.  On September 20, 2021, the Court ordered the Government to respond to the § 2255 Motion and gave Sayas the opportunity to file a reply.  Dkt. No. 26 at 1.  The Government filed its Motion for Summary Judgment on November 16, 2021.  Dkt. No. 30.  Sayas was served with a copy of the Motion for Summary Judgment on January 24, 2022.  Dkt. Nos. 34.[9]  The Government argues that neither of Sayas's attorneys performed deficiently, and even if they did, such deficient performances did not prejudice him.  Dkt. No. 30 at 17-21.  The Government further argues that Sayas's public authority defense was, in fact, presented to the jury.  Dkt. No. 30 at 21-23.  Despite being notified of his opportunity to respond (*see* Dkt. Nos. 26 and 31), Sayas has not responded to the Motion for Summary Judgment.

---

filed on the day it is placed in the prison mailing system); *United States v. Young*, 966 F.2d 164, 165 (5th Cir. 1992) (applying the mailbox rule to pro se prisoner proceedings under 28 U.S.C. § 2255).

[8] On November 9, 2016, the Court appointed attorney David Willis to represent Petitioner.  CR Dkt. No. 11. On January 25, 2017, the Court granted Willis's "Unopposed Motion for Leave to Withdraw as Counsel" and appointed attorney Alfredo Padilla to represent Petitioner.  CR Dkt. Nos. 30, 31.

[9] The Government originally mailed a copy to Sayas to an incorrect address and sent another copy on January 18, 2022. *Id.* at 1. Based on a January 28, 2022, review of the United States Postal Service's website for tracking number, 70191120000049279778, Sayas received the Motion for Summary Judgment on January 24, 2022.  *Id.* at 2.

### III.    Legal Standards

**A.    28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a defendant may move to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  The nature of a § 2255 collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude.  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If an error is not of constitutional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  *U.S. v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Courts should construe a *pro se* petitioner's pleadings liberally and hold such pleadings to less stringent standards.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).  If the record is adequate to dispose of the allegations, the court need inquire no further.  *U.S. v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).  A district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

**B.    Federal Rule of Civil Procedure 56**

Federal Rule of Civil Procedure 56 sets forth the summary judgment standard. Fed. R. Civ. P. 56.  Specifically, Rule 56 provides that a court "shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including . . . affidavits [and/or] admissions[, or] showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also U.S. v. Zuniga*, No. H-14-cv-0456, 2014 WL 6982290, at *5 (S.D. Tex. Dec. 8, 2014). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), cert. denied, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, "bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983). "Thus, a district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record." *Id.*

## C.   Ineffective Assistance of Counsel

The "Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings" instituted against him. *Missouri v.*

*Frye*, 566 U.S. 134, 140 (2012) (citing *Montejo v. Louisiana*, 566 U.S. 778, 786 (2009)). Critical stages include not only trial, but also pretrial proceedings, including the plea-bargaining process.  *See Lafler v. Cooper*, 566 U.S. 156 (2012); *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

In *Strickland v. Washington*, the Supreme Court held that in order to succeed on an ineffective assistance claim, a defendant must show both: (1) that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must the court address the test in the same order.  *Id.* at 697.  Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 687; *Williams*, 529 U.S. 362, 390–91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994).  A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.  *See Strickland*, 466 U.S. at 687–91; *Jones v. Cain*, 227 F.3d 228, 230 (5th Cir. 2000).

The sufficiency of counsel's representation may be determined, and indeed substantially influenced, by the defendant's own statements and actions.  *Strickland*, 466 U.S. at 691.  As stated by the Supreme Court, an attorney's actions are usually based on information supplied by the defendant, and, for example, investigative decisions or potential lines of defense are followed based upon what the client said.  *Id.*  Counsel's conversations with the defendant may, then, be critical to properly assessing his actions

during litigation.  *Id.*  A defendant establishes a violation of his Sixth Amendment rights when he shows that his counsel's performance was deficient, and that he suffered prejudice as a result.  *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (citing *Strickland*, 466 U.S. at 687).

In reviewing counsel's performance, the Court must be "highly deferential," making every effort "to eliminate the distorting effects of hindsight," and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.  Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.  *Id.*  Therefore, to establish prejudice, the convicted defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Id.* at 669.

A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Williams*, 529 U.S. at 391; *Strickland*, 466 U.S. at 694.  The prejudice prong of *Strickland*, then, focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair.  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Williams*, 529 U.S. at 393 n. 17; *Strickland*, 466 U.S. at 692.

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or actual prejudice under the test will ordinarily make it unnecessary to examine the other prong.  *See Strickland*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997); *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); Therefore, failure to establish that counsel's alleged

performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229–30 (5th Cir. 1987). It is also generally unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986).

## IV.    Discussion

In this § 2255 Motion, Sayas asserts the following two ineffective assistance of counsel claims based on: (1) his attorneys Willis's and Padilla's alleged failure to present him with a purported plea agreement offer of four years' imprisonment in exchange for a guilty plea; and (2) Padilla's alleged failure to investigate and assert as a defense Sayas's purported confidential informant status at the time of the offenses. For the reasons stated below, Sayas fails to show: (1) that his trial counsel provided representation below an objective standard of reasonableness; and (2) how alleged deficient representation, if any, prejudiced his defense. Accordingly, both of his ineffective assistance of counsel claims lack merit and should be dismissed.

### A.    The Parties' Arguments

In his § 2255 Motion, Sayas claims that he received ineffective assistance of counsel based on both trial counsel's purported failures to present him with a certain plea agreement offer. Dkt. Nos. 13 at 4, 14 at 3-4. Specifically, he argues that "after proceeding to trial and being found guilty[, he] found out that at some time before he went to trial[,] he was offered a plea of (4) four years." Dkt. No. 14 at 3. He further argues that this "offer was never brought to movant's attention by either defense counsel to even be considered[.]" *Id.*

Sayas also claims that he received ineffective assistance of counsel based on Padilla's failure to investigate Sayas's purported confidential informant status at the time of the offenses.  Dkt. Nos. 13 at 5, 14 at 4-5.  Specifically, he argues that he "was deemed to be a public safety officer or reliable confidential informa[n]t by the officer(s) [for] whom he was working[,]" that "everything he did . . . was strictly in this [capacity] of working for the government[,]" and that Padilla "failed to make this known to the court [and] also never argued th[is] fact [at trial]."  Dkt. No. 14 at 4.  Despite these arguments, Sayas also admits that "[i]t was testimony by these office[ers] that . . . movant was indeed working with and for them."  *Id.*

In its Motion for Summary Judgment, the Government argues that there is no evidence that it ever offered to Sayas a plea agreement recommending a four-year term of imprisonment in exchange for his guilty plea.  Dkt. No. 30 at 17.  The Government also argues that Sayas has not alleged information regarding who made the purported offer, the terms of the offer, when the offer was made, where the alleged offer was conveyed, or how Sayas learned of the offer after his conviction.  *Id.* at 17-18.  The Government further argues that Willis spent at least eight hours discussing the case with Sayas, including several hours conferring with Sayas regarding the plea offer extended by the Government and the consequences of taking his case to trial and losing.  Dkt. Nos. 30 at 18, 22 at 2-3.  The Government also argues that Willis informed Sayas of his right to plead guilty before trial and applicable sentencing guidelines if he accepted the plea offer.  Dkt. Nos. 30 at 18-19; 22-3 at 2-3.

Next, the Government argues that Padilla also discussed the possibility of a guilty plea and possible range of sentence with Sayas before trial.  Dkt. No. 30 at 19.  Specifically, the Government points to Padilla stating in his affidavit that "the possible plea bargain

was discussed with [Sayas] on at least eight different occasions." Dkt. Nos. 30 at 19; 25 at 2.  The Government further asserts that Willis and Padilla's representations were not deficient. Dkt. No. 30 at 20.  Likewise, the Government argues that, even if his attorneys did not convey to him a plea bargain offer, he was not prejudiced because the Court admonished Sayas regarding "the options that are available" to him.  *Id.;* CR Dkt. No. 93 at 5. Moreover, the Court previously stated to Sayas "if you go to trial and you're found guilty, you cannot come back to the Court and say, Judge, time out, I want to go back in time and accept the plea and cooperate and do the — the options that are available to you through the plea process."  Dkt. No. 30 at 20; CR Dkt. No. 93 at 5.

Regarding Padilla's alleged failure to investigate Sayas's confidential informant status, the Government asserts that Sayas's public authority defense was made clear to the jury.  Dkt. No. 30 at 21.  Critically, the record shows that Sayas testified at trial that he was working for the Raymondville Police Department on the date of the offenses.  CR Dkt. No. 96 at 106.  Further, two Government witnesses testified that they lacked the authority to work with an informant to conduct an international drug deal, and that despite their previous work with Sayas as an informant, Sayas was not working for them as an informant on the date of the offenses.  CR Dkt. No. 96 at 120-47. Finally, the Court instructed the jury that, if Sayas "prove[d] by a preponderance of the evidence that he was acting as an authorized government agent to assist in law enforcement activity at the time the offense," then it "must find [him] not guilty of all counts."  CR Dkt. No. 96 at 168.  The Government, then, argues that Sayas has not shown that his counsel performed deficiently.

### B.      Ineffective Assistance of Counsel

For the reasons provided below, Sayas fails to show that either Willis or Padilla provided ineffective assistance of counsel.  To prevail on an ineffective assistance claim, the movant must show that (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense," and shows "errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Courts need not address both inquiries if the defendant does not sufficiently support one prong, nor must a court address the test in the same order.  *Id.* at 697.  Under this standard, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  *Id.* at 687.

### (1)      Sayas's counsel's alleged failure to present Sayas with any plea agreement offers

Sayas has failed to show, beyond his own conclusory and vague allegation, that Willis failed to present to him a proposed plea agreement wherein the Government recommended a four-year sentence in exchange for Sayas's guilty plea.  Willis's affidavit details the hours he spent with Sayas to explain the evidence against him and consequences of losing at trial.  *See* Dkt. No. 22.  Moreover, in a December 8, 2016 letter to Sayas, Willis explains the sentencing guidelines that would apply if the jury found him guilty and the point reductions he would receive if he pled guilty pursuant to the Government's proposed plea agreement.  *See* Dkt. No. 22-3 at 2-3.[10]   This proposed plea agreement did not include a recommendation of a four-year prison term in exchange for

---

[10] In the letter, Willis explains that a guilty verdict under the sentencing guidelines would amount to 42 points, which would result in a sentencing range of 360 months to life, but that if Sayas entered a guilty plea, he would receive a 3-point reduction, which would result in a sentencing range of 262-327 months.

a guilty plea; rather, it was for a three-level reduction in Sayas's offense level for acceptance of responsibility. *See* Dkt. No. 22-3 at 3. Significantly, Sayas signed this letter to confirm receipt. *See id.*

Further, Sayas has failed to show, beyond his own conclusory and vague allegation, that Padilla failed to present him with a plea agreement wherein the Government recommended a four-year sentence in exchange for Sayas's guilty plea. To the contrary, the Government refutes that it ever proposed a plea agreement with a recommended four-year sentence. Dkt. No. 30 at 17. Specifically, the Government argues that Sayas's allegation is conclusory, even under a liberal interpretation, because he has failed to allege "information regarding who made this alleged offer [of four years], what the terms of the alleged offer were, when the alleged offer was made, where the alleged offer was conveyed, or how he eventually came to find out about the alleged offer." Dkt. No. 30 at 18. Moreover, Padilla states in his affidavit that "the possible plea bargain[, which was not for a four-year term,] was discussed with [Sayas] on at least eight different occasions." Dkt. No. 25 at 2.

Significantly, the Court admonished Sayas to consider "the options that are available" and stated to Sayas "if you go to trial and you're found guilty, you cannot come back to the Court and say, Judge, time out, I want to go back in time and **accept the plea** and cooperate and do the — the options that are available to you **through the plea process**." CR Dkt. No. 93 at 5 (emphasis added). Sayas, then, has failed to show through allegations of specific details that a proposed four-year plea agreement ever existed, much less that his counsel failed to present him with same.

Sayas has not produced evidence indicating that: (1) Willis or Padilla provided him with ineffective assistance of counsel by failing to present him with a purported four-year

plea agreement; or (2) he was prejudiced by their alleged ineffectiveness.  Having created

no material question of fact on these issues, Sayas's first claim should be dismissed.

> **(2)    Sayas's counsel's alleged failure to investigate his confidential informant status**

The record shows that Sayas's public authority defense was presented to the jury.

At trial, Sayas claimed during his testimony that he was a confidential informant of the

Raymondville Police Department on the date of the offense. CR Dkt. No. 96 at 106.

However, two Government witnesses testified that Sayas was not working as a

confidential informant on the date of the offenses.   *Id.* at 120-47.  Finally, the Court

instructed the jury that, if Sayas "prove[d] by a preponderance of the evidence that he was

acting as an authorized government agent to assist in law enforcement activity at the time

the offense," then it "must find [him] not guilty of all counts." *Id.* at 168.

Evidence of Sayas's confidential informant status was presented to the jury, the

Court instructed the jury regarding the public authority defense, and the jury ultimately

rejected Sayas's testimony; his claims lack merit and are unsupported by the record.

Sayas has not produced evidence indicating Padilla provided him with ineffective

assistance by failing to investigate his confidential informant status.  Similarly, he has

produced no evidence indicating that he was prejudiced by Padilla's alleged

ineffectiveness. Having created no material question of fact on these issues, Sayas's

second claim should be dismissed.

## V.  Evidentiary Hearing

Sayas is not entitled to relief based on any of the claims raised in his § 2255 Motion.

He is also not entitled to an evidentiary hearing. *See United States v.* Hughes, 635 F.2d

449, 451 (5th Cir. 1981) ("When the files and records of a case make manifest the lack of

merit of a Section 2255 claim, the trial court is not required to hold an evidentiary holding."); *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009) ("If, on the record before us, we can conclude as a matter of law that [the movant] cannot establish one or both of the elements necessary to establish [her] constitutional claim [for ineffective of counsel], then an evidentiary hearing is not necessary[.]") (internal citation omitted). Sayas's § 2255 Motion, then, should be dismissed without the necessity of an evidentiary hearing.

## VI.    Certificate of Appealability

A certificate of appealability shall not issue unless the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Said differently, where claims have been dismissed on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Petitioner has not made a substantial showing of the denial of a constitutional right.

## VII.   Recommendation

For the reasons stated above, it is recommended that the Court: (1) **GRANT** the Respondent's Motion for Summary Judgment; (2) **DISMISS** all of the claims contained in Sayas's § 2255 Motion and supporting supplements; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of Court to close this case.

## VIII.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district  court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1).

**SIGNED** on this **31st** day of **March, 2022, at Brownsville, Texas.**

_____
**Ignacio Torteya, III
United States Magistrate Judge**